IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GERALDINE BILLUPS,<br><br>Plaintiff,<br>vs.<br><br>EXACTECH, INC.,<br><br>Defendant. | Civil Action No.: 2:22-cv-01410<br><br>Judge: Sarah S. Vance<br><br>Magistrate Judge: Michael North |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Plaintiff Geraldine Billups chose to wait too long to file her lawsuit as a matter of law. She admits that her right knee surgery with an Exactech, Inc. ("Exactech") implant took place in 2006. She had her first surgery to remove the Exactech components on October 28, 2008, which put her on notice that her device had failed. She had three other knee procedures from February 3, 2009, to March 25, 2021, which were 13 years to 14 months before Plaintiff filed her lawsuit on May 19, 2022. All revision surgeries happened before the one-year period required to file a lawsuit. Plaintiff's Complaint lacks specific factual allegations to justify suspending the prescriptive period and fails to provide sufficient factual support for its causes of actions. Plaintiff's Opposition brief (or "Opp.") reinforces the need to dismiss Plaintiff's Complaint. Plaintiff expressly agrees that her claim under the Louisiana Unfair Trade Practices Act ("LUTPA") should be dismissed. Her claims under the Louisiana Products Liability Act (LPLA) are equally meritless.

Plaintiff admits that constructive notice first appeared around 2008, when she "developed loosening of the device" less than two years after her 2006 surgery. Opp. at 10. Plaintiff's continued revision surgeries provided additional notice, and the Opposition Brief acknowledges that she had "three consecutive premature failures of her right knee replacements resulting in five

1

additional procedures." *Id.* at 4, 12. Plaintiff concedes that the last revision was 14 months before her lawsuit. *Id.* at 8. Neither does the Opposition identify factual allegations that dispute the Complaint's lack of sufficient facts to state a claim. After the filing of the Opposition, there are still no identified facts that can establish causation for any of the LPLA claims.

The two primary arguments made in the Opposition Brief do not affect the outcome. Plaintiff first claims that she may rely on the doctrine of *contra non valentem* to suspend the accrual of her causes of action until Exactech's recall information reached her. Recent decisions from this Court, however, show that this is misplaced reasoning, and in fact, Plaintiff had constructive notice of her claim as early as 2008. The other position argued by Plaintiff—essentially that Exactech's recall alone provides sufficient evidence for her causes of action—is equally misplaced. In support of her contentions, Plaintiff has improperly attached exhibits to her Opposition that are neither referred to in the pleadings nor central to her claims.[1] This is not allowed under the Fifth Circuit caselaw. Plaintiff's untimely claims are facially proscribed and do not contain sufficiently well-pleaded facts to state a claim under Rule 12(b)(6). As a result, Exactech requests that this Court grant its Motion to Dismiss.

## LEGAL STANDARD

Fed. R. Civ. P. 8 requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations marks omitted); Document 10-1, at 1. The Opposition is incorrect to the extent it tries to characterize *Flagg v. Stryker* as establishing a lower standard for claims under the LPLA. 647 Fed. Appx. 314, 317 (5th Cir. 2016). Louisiana courts have held that "*Flagg* does

---

[1] Exactech has moved to strike or exclude these exhibits, which should not be considered when deciding Exactech's Motion to Dismiss. *See* Exactech's Motion to Strike, or, Alternatively, Exclude from Consideration Exhibits Accompanying Plaintiff's Opposition to Exactech's Motion to Dismiss (Doc. 19).

2

not require courts to accept wholly conclusory allegations." *Celino v. Biotronik, Inc.*, 536 F. Supp. 3d 89, 106 (E.D. La. 2021) (collecting cases). As this Court made clear, "[f]ederal courts applying the LPLA have made clear that defective construction or composition claims require more than conclusory allegations, and will not survive motions to dismiss without allegations of how the product is defective and how this defect caused the plaintiff's injuries." *Pellegrin v. C.R. Bard*, No. CV 17-12473, 2018 WL 3046570, at *4 (E.D. La. June 20, 2018).

From a timeliness perspective, Plaintiff acknowledges that the one-year prescriptive period from La. Civ. Code Ann. art. 3492 governs this case and recognizes that the doctrine of *contra non valentem* "only applies in exceptional circumstances." Opp. at 9. But Plaintiff fails to mention that the burden of proof is on Plaintiff to show that this doctrine applies. "When a petition reveals on its face that prescription has run, the plaintiff has the burden of showing why the claim has not prescribed." *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994). This Court has held that "[u]nless the plaintiff meets his burden to show the claim is not prescribed, then it is apparent from the face of the complaint that there exists an 'insuperable' bar to relief and that the case must be dismissed." *Aucoin v. Amneal Pharms., LLC*, No. CIV.A. 11-1275, 2012 WL 2990697, at *4 (E.D. La. July 20, 2012) (internal citation omitted)

Finally, Plaintiff claims that the Court may consider attachments to the Opposition because of the Fifth Circuit's instruction that "[t]he court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings *and* are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (emphasis added). But the Fifth Circuit rejected documents attached to the plaintiff's opposition in that case because the evidence was "largely diminished and defeated by" the complaint's allegations, ruling that "the district court erred when

3

it considered evidence outside the pleadings—and not referred to therein—without converting the motion to dismiss into a motion for summary judgment." *Id.*

## ARGUMENT

I. **Plaintiff's Admissions Establish that the Statute of Limitations Prescribes this Case.**

The Opposition emphasizes what the Complaint stated on its face: Plaintiff has been on notice of her claims since 2008. Plaintiff agrees that the one-year statute of limitations in La. Civ. Code Ann. art. 3492 applies, Opp at 8, and that a cause of action under the LPLA accrues when the plaintiff "suffered some physical injury because of" the product. *Grenier v. Med. Eng'g Corp.*, 243 F.3d 200, 203-04 (5th Cir. 2001). Plaintiff alleges that she "developed loosening of the device and pain in her right knee" less than two years after her 2006 surgery. Opp. at 10. The Opposition reaffirms the Complaint's allegations that Plaintiff had an October 28, 2008, surgery in which the entire Exactech implant and its components were removed. *Id.* Plaintiff's new disclosure in her Opposition that she did not receive another "finned" tibial tray after the 2008 removal means that her allegations about the tibial tray are more than 13 years old. *Id.* at 11. She alleges receiving additional Exactech implants on February 3, 2009, and October 18, 2012. Plaintiff acknowledges that her last revision surgery was "fourteen (14) months prior to filing suit." *Id.* at 8.

Exactech's position remains—and the Opposition does not dispute—that this Court can determine when the cause of action accrued based on the specific dates in Plaintiff's medical history, dates all more than one year before Plaintiff filed her suit on May 19, 2022. *Id.* at 4, 12. Whether the Court decides to start the clock on the initial symptoms, the first revision (which removed the entire product), the last revision on March 25, 2021, or any of the dates in between, Plaintiff's claims expired under La. Civ. Code Ann. art. 3492 before she filed suit.

II. **No Exceptional Circumstances Require the Court to Apply *Contra Non Valentem*.**

The Opposition alleges that "she did not have actual or constructive knowledge that she was the victim of a tort" until Plaintiff received a letter from Ochsner Health on March 17, 2022 attaching Exactech's patient notice. *Id.* at 14. Plaintiff's medical history renders this explanation implausible, and it should be rejected.

Because the Complaint on its face shows that prescription has run, the burden shifts to Plaintiff to justify why her claims are not prescribed. *Wimberly*, 635 So. 2d at 211. Faced with this legal standard, Plaintiff claims that the doctrine of *contra non* valentem, under "Category (3) and Category (4) apply to her case" and excuses the delay in filing suit. Opp. at 14. Plaintiff's Category (3) involves situations "where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; more briefly, prevention by the debtor." *Plaquemines Par. Comm'n Council v. Delta Dev. Co.*, 502 So. 2d 1034, 1056 (La. 1987). No debtor and creditor relationship exists here so that argument does not apply.

As for Category (4) or the so-called "discovery rule," this Court has noted that the *contra non valentem* doctrine "is available only in exceptional circumstances." *Ellis v. Evonik Corp.*, No. CV 21-1089, 2022 WL 1719196, at *3 (E.D. La. May 27, 2022) (quotation and citation omitted). *Contra non valentem* "suspends the prescriptive period under certain circumstances, including situations in which the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant." *Id.* The assessment "must focus on the reasonableness of the tort victim's action or inaction." *Id.* In *Ellis*, this Court held that "all of plaintiffs' claims are prescribed on the face of the complaint, and the allegations do not support the application of *contra non valentem.*" *Id.* at * 8. The core issue in *Ellis* dealt with the same principle of constructive notice, which this Court posed as "if [the plaintiffs] had constructive knowledge as of their dates of diagnoses, then *contra non valentem* does not save their otherwise

5

untimely claims." *Id.* at *4. The Court held that the plaintiffs' non-conclusory factual allegations—such as that plaintiffs did not think ethylene oxide caused their injuries until they received a law firm advertisement—went to the plaintiffs' "*actual* knowledge, which is not the legal standard." *Id.* at * 5 (emphasis in original). Rather, "prescription runs from the date of the plaintiffs' *constructive* knowledge." *Id.* (emphasis in original). This Court recognized that "a medical diagnosis puts a plaintiff on constructive notice of her cause of action, and thereby starts the prescriptive period" *Id.* Plaintiff does not dispute the multiple corrective surgeries that put her on notice of any potential issues well before the filed Complaint.

In this case, Plaintiff had constructive knowledge and *contra non valentem* cannot save her untimely claims. Plaintiff's allegations are like *Ellis* because she had constructive knowledge when she had her multiple revision surgeries beginning on October 28, 2008. Plaintiff's *contra non valentem* allegations also fail because they do not specifically plead facts to show that "she could not discover the defects and unreasonably dangerous condition of Defendant's defective tibial tray and defective insert." Compl. ¶ 30. As with the plaintiffs in *Ellis,* Plaintiff improperly attempts to use the March 17, 2022, letter from Ochsner Health to go to her actual, not constructive, knowledge. Plaintiff was already aware of the dangers warned in the March 17, 2022, letter before its receipt. The letter stated that the "[t]he use of this device **does not expose you to any serious health risk**." Doc. 7 (emphasis in original). It mentioned "premature wear of the device components that could possibly require revision surgery sooner than usually expected." *Id.* Plaintiff had already undergone multiple revisions since 2008. The letter warned of a potential outcome that Plaintiff had experienced more than one year—in fact 13 years—before she sued.

Plaintiff tries to evade dismissal by improperly inserting a medical record from 2008 as Exhibit 8 to her Opposition. The Complaint never referred to this medical record and did not

6

mention any meetings with Dr. Chimento.  *See generally* Compl.  The section on *contra non valentem* also does not mention this meeting.  Compl. ¶¶ 29-33.  Exactech moved to strike or exclude this Exhibit (and others) because it is neither referred to in the pleadings nor is it central to Plaintiff's claims.  *Brand Coupon Network, L.L.C*, 748 F.3d at 635.  The medical record, which Exactech contends should be excluded from consideration under the Fifth Circuit's guidance, still shows that Plaintiff had constructive notice because she questioned the device to her doctor.

Plaintiff also misstates the role of the medical record by alleging that it shows "Dr. Chimento told Ms. Billups that her revision was not due to the knee replacement components." Opp. at 16.  It does not do so.  It states only that Dr. Chimento expressed "complete faith" in Exactech and did not see "any overall problem with the prosthesis" while acknowledging that a particular tibial tray "may not have been the best choice for her."  *Id.*  The Opposition admits that "Dr. Chimento did not use this finned tray for the revision surgery" on October 28, 2008.  *Id.* at 11.  Plaintiff thus declares that she is making claims about a component she had removed more than 13 years ago.  Plaintiff's Complaint continues to allege device failures and revision surgeries, making the 2008 medical record and related discussions irrelevant.  Plaintiff's case is distinguishable from cases such as *Miles v. MEMC Pasadena, Inc.*—which involved multiple doctors advising that plaintiff's condition could be attributed to many causes—where plaintiffs "had reasonably relied upon his doctors' findings as well as his own subjective state of health," so that prescription did not commence until a positive diagnosis even though the plaintiff knew he was at risk.  No. CIV.A. 08-4436, 2009 WL 1323014, at *4 (E.D. La. May 8, 2009).  Plaintiff had notice of a failed device in this case because of her subjective state of health and the undeniable and objective evidence of multiple revision surgeries.

Plaintiff's claims of *contra non valentem* are further belied by her decision to switch providers in March 2021. Although Plaintiff now tries to emphasize the importance of Dr. Chimento and the March 17, 2022, Ochsner letter in her Opposition, Plaintiff's own Complaint acknowledges that she switched her care in March 2021 (also more than one year before she filed suit) to Tulane Medical Center because of continued problems with her right knee. Compl. ¶ 14. Plaintiff claimed to have another revision at Tulane on March 25, 2021. *Id.* Plaintiff failed to follow the Fifth Circuit's guidance that "[w]hen a plaintiff suspects something is wrong, he must seek out those whom he believes may be responsible for the specific injury." *Chevron USA, Inc. v. Aker Mar., Inc.*, 604 F.3d 888, 894 (5th Cir. 2010) (quotation omitted).

Because Plaintiff's claims are based on constructive knowledge that occurred more than one year before her lawsuit as expressly shown on the face of the Complaint and confirmed by her own Opposition, neither the doctrine of *contra non valentem* nor improper Exhibits can revive them. The Court should dismiss the Complaint as prescribed under La. Civ. Code Ann. art. 3492.

### III.   Plaintiff's Conclusory Allegations Fail to Satisfy Federal Pleading Standards.

Plaintiff's Opposition recycles allegations from the Complaint about Exactech's recall but does not respond to Exactech's argument that the Complaint contains no specific allegations connecting Exactech's recall to Plaintiff's injuries. Plaintiff generally alleges that Exactech's recall notice related to the packaging of its implantable devices and her claims that she had revision surgery, but does not allege facts that connect the two events. Opp. at 16-18.

The Opposition cites the recall as an indicator of an alleged manufacturing defect claim, but provides no allegations connecting the recall to Plaintiff's injuries—other than a conclusory allegation that the manufacturing defect is "undeniable." Opp. at 20. This attempt fails under the Fifth Circuit test which requires that Plaintiff show how the alleged defect was "unreasonably

8

dangerous," that it caused Plaintiff's injuries, and there was a defect when it left Exactech's control. *Underwood v. Gen. Motors, L.L.C.*, 642 F. App'x 468, 471 (5th Cir. 2016).

Plaintiff does not allege facts about how the design of the purportedly defective tibial tray and packaging caused Plaintiff's injuries. Instead, Plaintiff vaguely suggests that a "manufacturing defect combines with design defect" to produce injuries. Opp. at 21. She does not mention any alternative design beyond a vague allegation on page 21 that "other manufacturers, like Stryker, use metal inserts" and states nothing further about how the alternative design could have prevented Plaintiff's injury or how the alternative design outweighed the burden on the manufacturer. *See id.* at 21. Plaintiff fails to distinguish this case from other cases dismissed for general allegations of "inadequate design" or "unreasonably dangerous design." *Watson v. Bayer Healthcare Pharms., Inc.*, No. CIV.A. 13-212, 2013 WL 1558328, at *5 (E.D. La. Apr. 11, 2013).

Plaintiff fails to identify a specific warning that Exactech should have given to physicians and how the failure to do so caused her injuries. Opp. at 18-20. Rather, Plaintiff alleges that her "surgeon repeatedly implanted the polyethylene insert that resulted in repeated revisions." Opp at 19. Plaintiff fails to identify a specific warning and how it "would have changed the decision of the treating physician." *Rhodes v. Covidien LP*, No. CV 18-10667, 2019 WL 2162845, at *4 (E.D. La. May 17, 2019) (citations omitted). Plaintiff purports to rely on Paragraph 47 of the Complaint, but it is unclear what danger was supposedly created by using the tibial tray or what warning would have been useful. Opp. at 18. Again, the tibial tray was removed on October 28, 2008.

Plaintiff still has not identified an express warranty to Plaintiff or how it was breached. See Opp. at 21-22. Rather, Plaintiff improperly tries to introduce marketing materials that were not referred to in the Complaint and are not alleged to have been seen by Plaintiff or Plaintiff's physician. Opp. at 22. Although Plaintiff makes general claims about warnings and Exactech's

9

application for 510(k) clearance, Opp. at 21-22, this Court has recognized that if Plaintiff "had actually been exposed to the promotional materials and she was actually induced by them, she would have said so. Plainly. Directly. Instead, she offers up ambiguity and equivocation." *Guidry v. Janssen Pharms., Inc.*, 206 F. Supp. 3d 1187, 1200 (E.D. La. 2016). That is the case here.

### IV. Plaintiff Admits that There is No LUTPA Claim.

Plaintiff has conceded dismissal of Count V, which improperly alleges a violation of the Louisiana Unfair Trade Practices Act ("LUTPA"), because it is not allowed under the LPLA.

### CONCLUSION

For the reasons stated above, Plaintiff's claims against Exactech should be dismissed in their entirety with prejudice. WHEREFORE, Defendant Exactech, Inc. moves this Honorable Court to enter an Order dismissing Plaintiff's Complaint with prejudice.

Dated: July 27, 2022

By: */s/ John D. Garrett*
John D. Garrett
Louisiana Bar No. 32465
**BOWMAN AND BROOKE, LLP**
2901 Via Fortuna Drive, Suite 500
Austin, Texas 78746
Tel: 512.874.3800
Fax: 512. 874.3801

*Attorneys for Exactech, Inc.*

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this the 27th day of July 2022, a true and correct copy of the foregoing **Reply in Support of Defendant Exactech, Inc.'s Motion to Dismiss Plaintiff's Complaint** was filed electronically via the Court's electronic filing system to all parties.

**BOWMAN AND BROOKE LLP**

By: */s/ John D. Garrett*
John D. Garrett
*Attorneys for Exactech, Inc.*